## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.     CV 10-09085 SVW (SS)                              Date:  November 24, 2010
                                                                      Page 1 of 2

Title:       Efrain Ibarra v. Martin L. Hercovitz

| DOCKET ENTRY: | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST |
|---|---|

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Denise Lazo | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:          ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On November 23, 2010, Efrain Ibarra ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. The Petition, however, appears to be completely unexhausted on its face.

Petitioner is reminded that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845. He must present his claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. See Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc) (petitioner must reach point where he has no state remedies available to him at the time he files his federal habeas petition) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.    CV 10-09085 SVW (SS)                    Date: November 24, 2010
                                                          Page 2 of 2

Title:    Efrain Ibarra v. Martin L. Hercovitz

---

Petitioner states that he exhausted his claims by raising them in a habeas petition before the California Supreme Court. (See Petition at 5-6). However, Petitioner does not appear to have actually filed any habeas petition in the California Supreme Court. Indeed, the Court's review of the California Supreme Court's docket does not indicate that Petitioner has filed any habeas petition in the supreme court. (See California Appellate Courts Case Information Website, Search by Party, http://appellatecases.courtinfo.ca.gov). Petitioner may be referring to the habeas petition he has attached to the back of the instant Petition. (See Petition at 11-16).[1] However, the attached habeas petition appears to have been filed in the Los Angeles County Superior Court. (See id. at 11). Thus, Petitioner does not appear to have raised his claims before the California Supreme Court.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, on or before **December 8, 2010**, why this action should not be dismissed for failure to exhaust. Petitioner may discharge this Order by filing a declaration, signed under penalty of perjury, establishing exhaustion or admitting that he has not exhausted.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." In addition, should Petitioner attempt to file a second petition with these claims, his petition may be rejected as successive.**

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute pursuant to Rule 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his address of record.

---

[1] The Court refers to the pages of the Petition as if they were consecutively paginated.